**UNITED STATES of America, Appellee,**

v.

**Frank Leroy BREWTON, Appellant.**

**No. 24168.**

United States Court of Appeals, Ninth Circuit.

Nov. 30, 1970.

**234**

Jack Steinberg (argued), Seattle, Wash., for appellant.

William H. Rubidge (argued) Asst. U. S. Atty., Eugene G. Cushing, U. S. Atty., John M. Darrah, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction and sentence for robbery of a national bank.

A federal grand jury in Seattle indicted Frank Leroy Brewton on a charge of robbing a national bank, on February 13, 1968, in violation of 18 U.S.C. § 2113(a). At the time of Brewton's arraignment, his counsel contended that Brewton was mentally incompetent to stand trial. The district court entered an order for psychiatric examination. The appointed psychiatrist reported that Brewton was not competent to assist in his own defense. In June, 1968, the court committed Brewton to the United States Medical Center at Springfield, Missouri, for further examination concerning his competency. He stayed at Springfield for about four months.

Based upon their examination of Brewton, the psychiatrists at Springfield, on September 24, 1968, reported that Brewton was then competent to stand trial. On October 2, 1968, the district court ordered Brewton returned to Seattle for trial. Brewton has at no time disputed the court's finding, made at that time, that he was then competent to stand trial. Brewton waived a jury, admitted having committed the robbery, and pleaded not guilty by reason of insanity at the time of the commission of the crime.

After a trial without a jury the district court, on March 12, 1969, filed an opinion finding and concluding that the United States had sustained its burden of proving beyond a reasonable doubt that defendant was mentally competent at the time he committed the offense charged. A judgment of conviction was entered the following day. Brewton was sentenced to imprisonment for five years, subject to the parole provisions of 18 U.S.C. § 4208(a) (2). This appeal followed.

We withdrew the opinion from submission until disposition of Wade v. United States, No. 22,657, then pending on appeal in this court. In the *Wade* case the question was presented whether the Ninth Circuit should depart from the modified *M'Naghten* rules pertaining to

criminal responsibility, to which the Ninth Circuit had long adhered.

*Wade* was decided on March 30, 1970. Wade v. United States, 426 F.2d 64 (9th Cir. 1970). We there departed from *M'Naghten*, and accepted as the rule of criminal responsibility to be applied in this Circuit, the first paragraph of the American Law Institute test, as set forth in its Model Penal Code (Model Penal Code § 4.01 [Final Draft, 1962]).

Following the filing of the opinion in *Wade*, we remanded this *Brewton* appeal to the district court for further consideration in the light of *Wade*. We provided for the filing of a supplemental record, and supplemental briefs in the event reconsideration did not lead to entry of a judgment of acquittal.

On remand, the district court found and concluded that, under the new *Wade* test of criminal responsibility, as well as under the former modified *M'Naghten* rules, the United States had sustained its burden of proof referred to above. A supplemental record and supplemental briefs were then filed in this court and the appeal is now ripe for decision.

Appellant has contended throughout the appeal that the evidence failed to support the trial court's finding of sanity at the time of the commission of the offense.

In its opinion upon remand, the trial court based its described finding and conclusion principally, if not wholly, upon the ground that, to the extent the medical reports and testimony tended to support Brewton's insanity defense, they were not reliable because they were predicated upon Brewton's deliberately false statements and claims, and his withholding of information pertaining to his mental condition. This had also been the basic reason why the district court had rejected Brewton's insanity defense at the trial.

We decline to go behind the district court's evaluation of Brewton's credibility in supplying information to the medical experts. We also think that evaluation warranted the court in discounting the medical reports and testimony upon which Brewton relies.

Counsel for Brewton seems to suggest that if Brewton gave the experts misinformation, and withheld information, pertinent to his mental condition at the time of the robbery, this itself is an indication that he is sick emotionally to an extent cognizable under the *Wade* test of criminal responsibility. Under this concept, malingering would be good strategy whether or not it was discovered. Needless to say, the district court did not accept this novel argument and we do not believe it was obliged to. The evidence supports the findings and conclusions of the trial court.

Affirmed.